IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROGER JACKMAN,<br><br>Plaintiff,<br><br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br>Case No. 1:05-cv-00151 PGC |

The petitioner, Roger Jackman, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  He argues his counsel refused to file an appeal or withdraw his plea, and failed to tell him of § 2255 as a possible remedy.  The court denies Mr. Jackman's motion, as he filed it outside of the statutory time limit.  Further, even if Mr. Jackman's motion were not time-barred, he waived his right to file a § 2255 motion, and failed to establish that his counsel was ineffective.

**<u>BACKGROUND</u>**

In 2003, the United States charged Mr. Jackman with two counts of sexual exploitation of children, one count of receiving child pornography, and one count of possessing child

pornography.  Mr. Jackman pleaded guilty to one count of possession of child pornography — a violation of 18 U.S.C. § 2251.  Mr. Jackman signed a statement in advance of his plea, stating, among other things, that he knowingly, voluntarily, and expressly waived his right to challenge his sentence under § 2255.  In the statement, Mr. Jackman also agreed to waive his right to appeal the sentence and to have it collaterally reviewed.  Moreover, Mr. Jackman indicated his satisfaction with his attorney and noted that he had discussed the case and his plea with his attorney as much as he desired.

On July 12, 2004, Judge David Winder sentenced Mr. Jackman to a term of 135 months. Judgment was entered against him on July 15, 2004.  Mr. Jackman filed an appeal on July 20, 2005.  On August 5, 2005, the Tenth Circuit dismissed his appeal for lack of jurisdiction, as Mr. Jackman filed the appeal a year too late.  On December 13, 2005, Mr. Jackman again appealed, and on January 23, 2006, the Tenth Circuit again dismissed his appeal for lack of jurisdiction. On November 28, 2005, Mr. Jackman filed his § 2255 motion.  The government submitted its response to Mr. Jackman's petition on November 16, 2006.

## DISCUSSION

A.    *Mr. Jackman's Motion Is Time-Barred*

At the outset, Mr. Jackman's motion fails on procedural grounds because he filed it outside of the limitations period.  As a general rule, a prisoner may not file a § 2255 motion for federal post-conviction relief more than one year after his conviction becomes final.[1]  Motions filed pursuant to § 2255 must be filed one year from the latest of:

---

[1] *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constituion or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.[2]

In this case, Mr. Jackman presents no arguments showing an intent to rely on subsections (2), (3), or (4), and none of these sections appear to apply.  The court, therefore, limits its analysis to subsection (1).  Under rule 4(b)(1), Mr. Jackman had ten days after July 15, 2004, the date the court entered judgment against him, in which to file notice of appeal.[3]  Mr. Jackman filed no appeal at this time.  Mr. Jackman then had one year — or until July 25, 2005 — in which to file his § 2255 motion.  However, Mr. Jackman first filed his motion on November 28, 2005.

In extraordinary circumstances, the limitations period in § 2255 can be equitably tolled, but the defendant has the burden of demonstrating the inadequacy of the one-year limitations period.[4]  Such extraordinary circumstances must be those over which the petitioner has no control, and the petitioner must still diligently pursue his claims.[5]  "Extensions of time will be granted only if extraordinary circumstances beyond prisoners' control make it impossible to file

---

[2] 28 U.S.C. § 2255.

[3] Fed. R. App. P. 4(b)(1).

[4] *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[5] *Id.* at 978.

petitions on time."[6]  There is no indication anything beyond Mr. Jackman's control prevented

him from filing the petition on time or affected the availability of § 2255 as a remedy.  The court,

therefore, denies Mr. Jackman's remedy as untimely.

      B.     *Waiver*

      Even if Mr. Jackman's motion had not failed on jurisdictional grounds, he waived his

ability to challenge his sentence in his statement in advance of his plea.  Under Tenth Circuit law,

> such waivers generally are enforceable, with regard to both direct appeals and
> collateral attacks.  '[A] waiver of collateral attack rights brought under § 2255 is
> generally enforceable where the waiver is expressly stated in the plea agreement
> and where both the plea and the waiver were knowingly and voluntarily made.'[7]

These appeal waiver provisions lose their enforceability when the voluntariness of the plea itself

is being challenged or when the petitioner claims ineffective assistance of counsel with regard to

negotiating or entering the plea agreement itself.  But collateral attacks are waivable if they fall

outside the category of ineffective assistance of counsel claims that challenge the validity of the

plea or the waiver.[8]

      In this case, Mr. Jackman claimed he received ineffective assistance of counsel with

regard to not being allowed to withdraw his plea thirteen days after the court entered judgment

against him.  He never claimed his counsel was ineffective with regard to the entry of his plea or

the waiver of his appeal, nor that his entry into the plea agreement and waiver were unknowing

or involuntary.  Therefore, Mr. Jackman waived his right to file a § 2255 motion or appeal in his

---

[6] *Calderon v. U.S. District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997).

[7] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

[8] *Id.* at 1187.

statement in advance of his plea.

    *C.      Ineffective Assistance of Counsel*

       Even if the court assesses Mr. Jackman's ineffective assistance of counsel claim on the merits, the claim fails. To establish an ineffective assistance of counsel claim, Mr. Jackman must show his counsel's performance was significantly "deficient and that he was prejudiced by that deficiency."[9] Mr. Jackman's representation must have fallen below an objective standard of reasonableness to satisfy the first prong. Additionally, he must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[10] The court looks at an ineffective assistance of counsel claim with "a strong presumption that counsel provided effective assistance of counsel," and Mr. Jackman "has the burden of proof to overcome that presumption."[11]

       Mr. Jackman's only claims of ineffective assistance of counsel appear to relate to his alleged attempt to withdraw his plea and to his lack of knowledge of § 2255. Mr. Jackman's bare description of his attempt to withdraw his guilty plea is not entirely clear, but even viewing it in the light most favorable to Mr. Jackman, it fails. Mr. Jackman indicates he wished to withdraw his guilty plea within the ten-day period in which he could have changed his plea. However, by his own estimate, he spoke with his attorney three days after the ten-day period in which he could have withdrawn his plea. Faced with such a request at that time, his attorney had no choice but to

---

     [9] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

     [10] *Strickland*, 466 U.S. at 694.

     [11] *Kennedy*, 225 F.3d at 1197.

tell him a change of plea was not possible.  Mr. Jackman also indicated that on July 28, 2004, his attorney advised him he could not appeal.  As this date fell after the ten-day window in which he could have appealed, his attorney's statement was correct.

With regard to his § 2255 motion, Mr. Jackman indicated he did not know filing such a motion was a possibility until January 2005.  However, the period in which Mr. Jackman could file a § 2255 motion did not end until July 25, 2005.  By his own admission, Mr. Jackman's attorney told him of this remedy six months before this termination date, which gave Mr. Jackman sufficient time to file a § 2255 motion.  Therefore, Mr. Jackman failed to show his attorney's conduct fell below an objective standard of reasonableness or that it prejudiced him.  Mr. Jackman made no other allegations which could support an ineffective-assistance-of-counsel claim.

In sum, Mr. Jackman has failed to meet his burden to overcome the presumption that his counsel assistance was ineffective.  His attorney appears to have advised him correctly.

## CONCLUSION

Based on the foregoing, the court DENIES Mr. Jackman's motion to vacate, correct, or set aside his sentence [#1].

DATED this 27th day of November, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge